## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-7131-SVW-VBKx | Date | October 10, 2013 |
|---|---|---|---|
| Title | THR California, LP v. Andrea Zaragoza Reyes | | |

## JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER REMANDING CASE TO STATE COURT

Plaintiff THR California, LP filed an unlawful detainer action against defendant Andrea Zaragoza Reyes in the Los Angeles County Superior Court on January 24, 2013. Defendant filed an answer on January 30, 2013. On September 26, 2013, defendant removed the case here, alleging federal jurisdiction under 28 U.S.C. §§ 1331 and 1443(1).

28 U.S.C. § 1441 governs removal jurisdiction. There is a "strong presumption" against it. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, defendant bears the burden of establishing jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

28 U.S.C. § 1443 "gives a right of removal to certain petitioners who claim federally secured rights as a defense to a state prosecution." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1971). A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966). *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Sandoval*, 434 F.2d at 636. "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Defendant contends that the unlawful detainer action is a violation of her civil rights because in seeking to evict her, "plaintiff is arbitrarily discriminating against defendant in violation of the United States Constitution and laws of the United States." (Notice of Removal ¶ 4.) Defendant concludes that "it is more appropriate that this federal court rule on these civil rights allegations." (Id. ¶ 5.) This is not

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:13-cv-7131-SVW-VBKx | Date | October 10, 2013 |
|---|---|---|---|
| Title | THR California, LP v. Andrea Zaragoza Reyes | | |

JS - 6

a basis for removal under 28 U.S.C. § 1443(1).  Defendant identifies no California law directing state courts not to enforce her federal civil rights.  *See Patel*, 446 F.3d at 999.

Nor does defendant show the existence of federal question or diversity jurisdiction.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (citation and internal quotation marks omitted).  "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis original).  Plaintiff's complaint states a single claim for unlawful detainer, which is purely a matter of California law.  On its face, therefore, the complaint shows no basis for federal question jurisdiction.

Diversity jurisdiction exists in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. 1332(a).  The amount in controversy is determined from the complaint itself, "unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith."  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (citation and internal quotation marks omitted).  The complaint in this matter states that the amount demanded "is under $10,000."  (Compl. at 1.)  The Notice of Removal does not dispute this.  Defendant has therefore failed to establish diversity jurisdiction.

The Court lacks jurisdiction over the subject matter of this case. The Clerk shall REMAND the case to the Los Angeles County Superior Court.

|  |  | : |  |
|---|---|---|---|
| | Initials of Preparer | | PMC |